**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 02-00289

TUSABI EDWARDS,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

On March 10, 2008, Defendant Tusabi Edwards filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on the passage of an amendment to the federal sentencing guidelines, recently given retroactive effect, that, according to Defendant, lowered the range applicable to the offense for which Defendant was convicted. The court will deny the motion.

A district court may reduce a defendant's sentence if modification is authorized by statute. *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001). Under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A modification under § 3582(c)(2) can apply only to those amendments listed in U.S.S.G. § 1B1.10(c), which as of March 3, 2008 includes the amendment modifying

the guideline range for cocaine base offenses.[1]  See U.S.S.G. § 1B1.10(c) ("Covered Amendments. . . . 706 as amended by 711 . . . .").  Section 3582(c)(2) does not cover those defendants to whom no subsection (c) amendment applies, U.S.S.G. § 1B1.10(a)(2)(A), nor those for whom an applicable subsection (c) amendment would have no lowering effect, U.S.S.G. § 1B1.10(a)(2)(B).

Defendant's motion must fail because he does not identify an amendment which is applicable to his sentence.  He appears to rely on the amendment which lowers the guideline range for cocaine base offense, but possession or use of cocaine base was not used to calculate Defendant's offense level in this case.  Instead, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced to 100 months imprisonment.  Although his presentence investigation report detailed a history of substance abuse, there was no assertion that he had ever possessed cocaine base, let alone any finding by the court that any such possession impacted his sentence in any way.  Accordingly, he is ineligible for any modification of sentence under 18 U.S.C. § 3582(c)(2).  Thus,

IT IS ORDERED that the Defendant's "Motion for Modification of Sentence" [Dkt. # 78] is DENIED.

      s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2008

---

[1] The Sentencing Commission made retroactive Amendment 706's lower ranges for cocaine base offenses by amending its policy statement on 18 U.S.C. § 3582(c)(2) to include 706 as one of amendments to which the statute can apply.  See U.S.S.G. § 1B1.10(c).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2008, by electronic and/or ordinary mail.

                         S/Lisa Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522